UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEREZ, | No. 2:16-cv-01266 AC P |
| Petitioner, | |
| v. | ORDER and |
| JOE A. LIZARRAGA, Warden, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Examination of the in forma pauperis application reveals that it is incomplete.[1] However, because this court recommends dismissal of this case without prejudice, it is unnecessary to obtain additional information in support of petitioner's in forma pauperis application.

Petitioner challenges a 2001 judgment of conviction entered against him by the San Joaquin County Superior Court, in Case No. SF-082861, for one count of corporal injury on a

---

[1] The application does not include "a certificate from the warden or other appropriate officer of the place of [petitioner's] confinement showing the amount of money or securities that the petitioner has in any account in the institution." See Rule 3, Rules Governing Section 2254 Cases.

1

cohabitant, three counts of assault with a deadly weapon, and two counts of making criminal threats. The trial court found that petitioner had suffered two prior serious felony convictions and on March 19, 2002 sentenced petitioner to a state prison term of eighty years to life. The instant petition asserts, inter alia, that petitioner is actually innocent and that his appellate counsel was ineffective. Petitioner acknowledges that his petition is untimely, but argues that the statute of limitations should not bar this action because he is innocent and because pro se litigants are unfamiliar with the law and court procedures. See ECF No. 1 at 13-4.

Petitioner has filed at least three prior habeas corpus petitions in this court, two of which were dismissed as successive because unaccompanied by an order from the Ninth Circuit Court of Appeals authorizing the district court to consider the successive petition.[2] See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

On July 3, 2007, petitioner filed his first federal petition for writ of habeas corpus challenging his 2001 conviction. See Perez v. Adams, Case No. 2:07-cv-1344 MCE GGH P. Magistrate Judge Hollows appointed counsel to represent petitioner, who filed an amended petition addressing the merits of petitioner's claims. Respondent moved to dismiss on statute of limitations grounds. Petitioner's counsel opposed the motion, asserting that petitioner was entitled to equitable tolling. On April 15, 2009, Magistrate Judge Hollows issued findings and recommendations, recommending that respondent's motion to dismiss the petition be granted. On May 8, 2009, District Judge England adopted those findings and recommendations in full. Still represented by appointed counsel, petitioner appealed. On January 5, 2011, the Ninth Circuit Court of Appeals issued its mandate affirming dismissal of the case. See Perez v. Adams, Court of Appeals Case No. 09-16261. See also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the ADEPA [Antiterrorism and

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Effective Death Penalty Act of 1996], 28 U.S.C. § 2244(b)").

Thereafter, on June 27, 2011, petitioner filed a second habeas petition in this court, again challenging his 2001conviction.  See Perez v. Unknown, Case No. 2:11-cv-1729 MCE GGH P. Magistrate Judge Hollows recommended that the petition be dismissed, without prejudice to its refiling, as a successive petition field without prior authorization by the Ninth Circuit Court of Appeals.  On August 18, 2011, District Judge England adopted those findings and recommendations in full and dismissed the action.

More recently, on June 2, 2014, petitioner filed a third habeas petition in this court, again challenging his 2001 conviction.  See Perez v. Lizarrago, Case No. 2:14-01357 JAM DAD P.  On September 29, 2014, Magistrate Judge Drozd recommended dismissal of the action due to petitioner's failure to first obtain authorization from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).  On November 10, 2014, District Judge Mendez adopted those findings and recommendations in full.

In the instant case, petitioner has again failed to obtain authorization from the Ninth Circuit Court of Appeals to proceed in this court with his successive petition.  Absent such authorization, this court lacks jurisdiction to consider the petition.  See 28 U.S.C. §2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152 (2007).  Therefore, this action must be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that the instant petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

1  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

2  (9th Cir. 1991).

3  DATED: June 10, 2016

4  /s/ Allison Claire
   ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE